**E-FILED on**  10/19/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIRAGE SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JERRY SPEASL, an individual, MARK K. ROBERTS, an individual, MATTHEW K. CHIKOSKY, an individual, ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., a Michigan corporation, and DOES 1-50<br><br>Defendants. | No. C-05-2901 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND DECLINING TO RULE ON DEFENDANTS' MOTIONS TO DISMISS<br><br>[Re Docket Nos. 5, 9, 13, 16 ] |

Mirage Systems, Inc. ("Mirage") has sued Jerry Speasl ("Speasl"), Marc Roberts ("Roberts"), Matthew Chikosky ("Chikosky"), and St. Clair Intellectual Property Consultants, Inc. ("St. Clair") (collectively "defendants"). Mirage moves to remand the case to state court. Defendants oppose the motion. Defendants move to dismiss Mirage's complaint. Mirage opposes the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants Mirage's motion to remand and declines to rule on defendants' motions to dismiss.

## I. BACKGROUND

Mirage filed a complaint against defendants in California Superior Court on April 12, 2005. The complaint asserted causes of action for declaratory relief, judgment of ownership, conversion, unfair competition, and unjust enrichment with respect to six patents ("the '459 patents"). Mirage served Speasl on April 15, 2005.[1] McIntyre Decl. Supp. Mot. Remand ("McIntyre Decl.") Ex. A. Mirage was unable to serve Roberts. In mid-May, 2005 Speasl and St. Clair filed demurrers, and Chikosky moved to quash service of the summons. McIntyre Decl. Ex. B.

On June 15, 2005 Mirage filed an amended complaint. McIntyre Decl. Ex. C. Mirage served Speasl, Chikosky, and St. Clair with the amended complaint on June 16, 2005. At some point in June, Mirage filed an *ex parte* motion to substitute Eastman Kodak ("Kodak") as plaintiff. On June 17, 2005 the court denied Mirage's motion. Notice of Removal Ex. A at 14.

Mirage served Roberts on June 25, 2005. Notice of Removal ¶ 5. Roberts, who claims to be a citizen of Nevada, was "at a rental property [he] own[s] in California." Roberts Decl. Opp. Mot. Remand ("Roberts Decl.") ¶ 4. On June 28, 2005 the court denied Chikosky's motion to quash.

On July 15, 2005 Roberts removed the case to federal court on the basis of diversity and federal question jurisdiction. The Notice of Removal alleges that (1) Mirage is a California corporation, (2) Roberts and Speasl are Nevada citizens, (3) Chikosky is a Pennsylvania citizen, and (4) St. Clair is a Michigan corporation. Notice of Removal ¶ 2. In addition, the Notice of Removal contends that the action arises under federal patent law. *Id.* at ¶ 4.

## II. ANALYSIS

### A. Motion to Remand

A defendant wishing to remove a case to federal court must to so within "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). A court must

---

[1] Although Mirage claims that it served Chikosky and St. Clair "shortly after . . .filing the [c]omplaint," Mot Remand at 2:21, Mirage cites no evidence to support this claim. However, Chikosky and St. Clair must have received service before mid-May, because St. Clair filed a demurrer on May 12 and Chikosky moved to quash service on May 16. In addition, Roberts and Speasl substantiate Mirage's claim in their opposition brief. *See* Opp. Mot. Remand at 1:12-13 ("[p]laintiff filed its [c]omplaint on April 12, 2005, and all [d]efendants except Roberts were served shortly thereafter").

1    "strictly construe the removal statute against removal jurisdiction" and decline "[f]ederal jurisdiction . . . if
2    there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
3    (9th Cir. 1992).

4        It is undisputed that Roberts filed his Notice of Removal on July 15: more than thirty days after
5    Mirage served Speasl with the original complaint on April 15.  It is also undisputed that Roberts filed his
6    Notice of Removal less than thirty days after *he* received Mirage's amended complaint.  Whether this court
7    remands the case for untimely removal thus depends on whether it applies (1) the "first-served defendant
8    rule"—and concludes that the window for removal began when Mirage served Speasl or (2) the "last-
9    served defendant rule"—and concludes that the removal clock began to run when Mirage served Roberts.

10        The Ninth Circuit has not addressed the issue.  *See United Computer Systems, Inc. v. AT & T*
11    *Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002) ("express[ing] no opinion" on whether to apply the "first-
12    served defendant rule" or the "last-served defendant rule").  However, the vast majority of courts in this
13    district have applied the "first-served defendant rule." *See, e.g., Morgan v. Asbestos Defendants*, 2003
14    WL 945987 *2 (N.D. Cal. 2003) ("[t]his order applies the first-served rule"); *Olsen v. Foundation*
15    *Health Plan*, 1999 WL 390842 *4 (N.D. Cal. 1999) ("the majority rule is appropriate in the present case,
16    and by that standard, defendants' removal is untimely"); *Innovacom, Inc. v. Haynes*, 1998 WL 164933
17    *2 (N.D. Cal. 1998) ("[t]he majority rule, and the rule to be followed here, provides that the 30-day
18    removal period begins to run for all defendants from the date the first of them receives the original
19    complaint"); *Bewley v. Cigna Financial Advisors*, 1997 WL 601426 *2 (N.D. Cal. 1997) ("[t]he [c]ourt
20    will apply the 'first-served defendant' rule in these circumstances"); *Lillard v. Joint Medical Products*,
21    1995 WL 20609 *4 n.2 (N.D. Cal. 1995) (explaining that "[t]he removal period begins when the first
22    defendant served receives notice that the case has become removable" but denying motion to remand for
23    other reasons); *Varney v. Johns-Manville Corp.*, 653 F.Supp. 839, 840 (N.D. Cal. 1987) ("[t]his court
24    holds that the thirty-day period began when [the first] defendant . . . received notice that the case had
25    become removable").

26        Courts that follow the "first-served" rule generally note several reasons for doing so.  First, the
27    "first-served" rule is consistent with the tenet that courts must construe the removal statute strictly and
28

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND DECLINING TO RULE ON DEFENDANTS' MOTIONS
TO DISMISS—C-05-2901 RMW
DOH    3

resolve doubts against the party seeking removal. *See, e.g., Morgan*, 2003 WL 945987 at *2. In addition, the "first-served" rule avoids forum shopping. *See, e.g., Cellport Systems, Inc. v. Peiker Acustic GMBH & Co.*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004) ("[t]he last-served rule also permits forum shopping by other defendants who, based on the progress of the action in state court, may hope for a more favorable outcome if they agree to the last-served defendant's removal request"). Finally, some courts consider the "first-served" rule to accord with the requirement that all defendants must agree to remove the case. *See, e.g., Olsen*, 1999 WL 390842 at *2. The logic behind this rationale is that a first-served defendant who does not remove within thirty days waives his right later to agree to removal, thus prohibiting unanimity.

Two courts in this district have applied the "last-served" rule.[2] First, in *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994), the court reasoned that "[s]ection 1446(b) refers to removal by 'the defendant,' not 'the first-served defendant' and that "[i]f Congress had intended the thirty-day removal period to commence in all cases upon service of the first defendant, it could have easily stated as such." *Id.*[3] In addition, the court criticized the unanimity justification for the "first-served" rule. The court noted that the purpose of requiring unanimity was to preclude defendants from forcing a plaintiff to litigate part of a case in state court and part of a case in federal court. *Id*. (citing *Chicago, Rock Island, & Pac. Ry. Corp. v. Martin*, 178 U.S. 245, 248 (1900)). The court questioned how the "first-served" rule furthered this policy. *Id*. Finally, the court noted that the "first-served" rule permitted plaintiffs to "circumvent[ ] the rights afforded to defendants by deliberately manipulating the timing of service in an effort to secure a state forum." *Id*. at 710.

---

[2] The Fifth and Fourth Circuits follow the "first-served" rule, while the Sixth and Eighth Circuits follow the "last-served" rule. *Compare Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986) (adopting the "first-served" rule) *and McKinney v. Bd. of Trs. of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) (applying modified "first-served" rule that gives later-served defendant thirty days to remove if served within thirty days of first-served defendant) *with Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (applying "last-served" rule) *and Maran Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755-57 (8th Cir. 2001) (adopting "last-served" rule).

[3] This hardly seems conclusive. If Congress intended to toll the thirty day period until the plaintiff had served all defendants, it also could have so stated.

Likewise, *Goularte v. ABEX Corp.*, 1997 WL 294397 (N.D. Cal. 1997), followed the "last-served" rule. In that case, the plaintiff "sued hundreds of corporations and associations involved in research manufacture, marketing, distribution, installation, and repair of asbestos and products containing asbestos." *Id*. at *1. Even though a defendant sought removal about a year after the plaintiff served the first defendant, the court held that removal was timely, reasoning that "the 'first served' rule may encourage plaintiffs to deliberately manipulate the timing of service to secure a state forum in a form of gamesmanship that does not befit litigants or courts." *Id*. at *3.

The court sees no reason to depart from the majority "first-served" rule here. *Ford* and *Goularte*'s strongest rationale for applying the "last-served" rule is prohibiting a plaintiff from "secur[ing] a state forum" by serving defendants who could seek removal—diverse defendants or defendants with federal claims—more than thirty days after serving other defendants. *Ford*, 857 F. Supp. at 710; *Goularte*, 1997 WL 294397 at *3. That did not happen here. The face of Mirage's complaint—which alleges that Mirage is a California corporation and Speasl resides in California—did not give rise to diversity jurisdiction. Speasl received the complaint on April 15. McIntyre Decl. Ex. A. If, as defendants claim, Speasl is a Nevada citizen, then he should have been immediately aware that he could remove the case. In addition, assuming that defendants are correct that Mirage's claims "arise under" federal law, Speasl, Chikosky and St. Clair should have been immediately aware of their right to remove. Instead, however, they continued to litigate in state court for three months, filing demurrers, a motion to quash, and resisting Mirage's *ex parte* motion to substitute Kodak as plaintiff.[4] The fact that Speasl, Chikosky, and St. Clair held the keys to federal court ameliorates *Ford* and *Goularte*'s concern about plaintiffs manipulating service to foreclose removal.

Defendants contend that "Roberts should be afforded the same opportunity as any other defendant to remove this action to federal court." Opp. Mot. Remand at 3:15-16. In addition, Roberts asserts that

---

[4] Defendants note that the state court only ruled on the motion to quash. Thus, defendants claim, Mirage cannot plausibly claim that they removed to seek refuge from an unfavorable forum. At the same time, however, the "first-served" rule does more than avoid forum shopping. The "first-served" rule also resolves "forum selection . . . as early as possible" and avoids wasting judicial resources. *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1227, 1229 (C.D. Cal. 2000) (adopting "first-served" rule).

Mirage's "[a]mended [c]omplaint was the first written pleading I had seen in relation to this litigation." Roberts Decl. ¶ 5. Notably, however, Roberts does not contend that he was *unaware* of the lawsuit. Moreover, the same law firm represents both Speasl and Roberts. Thus, common sense suggests that defendants could have sought removal earlier if they had so desired. In light of the presumption against federal jurisdiction, the court holds that defendants' removal was untimely.

### III.  ORDER

For the foregoing reasons, the court grants Mirage's motion to remand and declines to rule on defendants' motions to dismiss.

DATED:     10/19/05                            /s/ Ronald M. Whyte
                                              RONALD M. WHYTE
                                              United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Daniel S. Mount | dmount@mount.com |
| Justin T. Beck | jbeck@mount.com |
| Ronald Craig Finley | rfinley@mount.com |
| Caroline McIntyre | cmcintyre@be-law.com |
| Daniel J. Bergeson | dbergeson@be-law.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Joshua D. Baker | jbaker@omm.com |
| Bruce C. Piontkowski | bpiontkowski@ropers.com |
| Gregory K Storey | gstorey@ropers.com |
| Richard Steven Swope | rswope@thelenreid.com |
| Susan G. van Keulen | svankeulen@thelenreid.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        10/19/05                                    DOH
                                                              **Chambers of Judge Whyte**

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE AND DECLINING TO RULE ON DEFENDANTS' MOTIONS TO DISMISS—C-05-2901 RMW
DOH                                          7